### PALMER v. TERWILLIGER.

(Supreme Court, Appellate Division, Third Department. May 20, 1904.)

1. INTERLOCUTORY JUDGMENT—AMENDMENT—POWER OF COURT.

Where an, interlocutory judgment for the sale of a decedent's lands should have contained a direction that the sale be made free from the lien of decedent's debts, and the sale was made free from such lien, the court has power to amend the judgment by the entry of an ex parte order nunc pro ·tunc inserting the direction.

Parker, P. J., and Smith, J., dissenting.

Appeal from Special Term.

Action by Caroline Palmer against Andrew C. Terwilliger, administrator of the goods, chattels, and credits of Peter D. Terwilliger, deceased. From an order refusing to set aside an ex parte order amending nunc pro tunc an interlocutory judgment, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. B. & L. M. Merchant, for appellant.

John A. Brown, for respondent. ·

HOUGHTON, J. The interlocutory judgment of sale should have contained the provision inserted by the ex parte order amending it. The action of partition was brought within three years of the issue of letters of administration on the estate of the deceased owner, and his debts were therefore a lien on his real property. Under the provisions of section 1538 of the Code of Civil Procedure, and by proper practice, the sale should have been directed to be made free from the lien of decedent's debts, and the proceeds ordered paid into court to satisfy such debts as might be established. ·Without the direction of the judgment, however, the sale was made free from the lien of debts, and then the interlocutory judgment was amended nunc pro tunc inserting such direction. The court had power to amend its interlocutory judgment, and was not compelled to set aside an irregular ex parte order so providing, if it was one which should have been made on regular notice. The only criticism which can be made is that a resale should have been directed. We should be inclined to modify the order in that respect if the record disclosed any reasonable possibility that the property would bring as much or more on another sale. The affidavits show that the price obtained was full value of the property. Besides, the appellant did not ask for a resale, but put his motion on the ground that the court had no power to allow the amendment. There being no reasonable possibility that the property would bring any greater sum if again sold, the court would not be justified in putting the parties to the expense and trou-

ble of a resale simply for the purpose of correcting a mere technical irregularity which was cured by the amendment.

The order should be affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., and SMITH, J., who dissent.